**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| TIMOTHY STONE, as parent and next friend of T.S., a minor, RHONDA BLEDSOE, as parent and next friend of M.B., a minor, and PEARL DORSETT, as parent and next friend of M.V., a minor, <br><br>            Plaintiffs, <br>   v. <br><br>LONNIE NETZEL, in his individual and official capacity as an employee of the City of Kankakee, et al., <br><br>            Defendants. | Case No. 10-2011 |

# REPORT AND RECOMMENDATION

In January 2010, Plaintiffs Timothy Stone, as parent and next friend of T.S., a minor, Rhonda Bledsoe, as parent and next friend of M.B., a minor, and Pearl Dorsett, as parent and next friend of M.V., a minor, filed a Complaint (#1) against Defendants Lonnie Netzel, the City of Kankakee, the Board of Education of Kankakee School District 111, Jason Worden, Bradley Netzel, and Kyle Flanigan. In April 2010, Plaintiffs filed their First Amended Complaint (#43). Federal jurisdiction is based on federal question under 28 U.S.C. § 1331, because some of Plaintiffs' claims allege violations of the United States Constitution.

In May 2010, Defendants Worden, Flanigan, Bradley Netzel, and Board of Education of Kankakee School District 111 filed a Motion To Dismiss Pursuant to FRCP 12(b)(6) (#50). Plaintiffs have filed no response.

Defendants' motion addresses only Count IV, which alleges that Defendants Bradley Netzel, Worden, Flanigan and the School District violated the Abused and Neglected Child Reporting Act (325 ILCS 5/1 *et seq*.) (hereinafter "ANCRA") by failing to report that Defendant Lonnie Netzel had used a taser on students. Plaintiffs allege that if Defendants had reported

Lonnie Netzel's conduct, Netzel would not have used a taser on T.S., M.B., or M.V.  Plaintiffs seek damages in excess of $1,000,000.

Defendants contend that the ANCRA does not provide for a private tort action.  In support, Defendants cite *John Doe-1 v. N. Cent. Behavioral Health Sys., Inc.*, 816 N.E.2d 4 (Ill. App. Ct. 2004), and *Cuyler v. United States*, 362 F.3d 949 (7th Cir. 2004), as well as other cases.

The Court agrees that the ANCRA provides neither an express nor an implied private right of action.  *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 514 (7th Cir. 2010) ("ANCRA's mandate to report child abuse does not create any duty to the abused child enforceable under Illinois tort law.")  Accordingly, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Pursuant to FRCP 12(b)(6) **(#50)** be **GRANTED.**

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 14th day of July, 2010.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE