E-FILED
Friday, 27 January, 2012  02:45:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TIMOTHY STONE, as parent and next friend of T.S., a minor, et al., <br><br> Plaintiffs, <br> v. <br><br> LONNIE NETZEL, in his individual and official capacity as an employee of the City of Kankakee, et al., <br> Defendants. | Case No. 10-CV-2011 |

## **OPINION**

This case is before the court for ruling on Plaintiffs' Motion to Stay Briefing on Defendant Lonnie Netzel's Motion for Summary Judgment and to Require Production on Transcripts Referenced in Netzel's Motion, or, in the alternative, Motion for an Extension of Time to Respond to Netzel's Motion filed in Case Nos. 10-2007, 10-2008, 10-2011, 10-2024, and 10-2191.  Defendant Netzel has filed an identical Response in each case.

MOTION TO STAY BRIEFING

Rule 56(d) of the Federal Rules of Civil Procedure provides, regarding motions for summary judgment:

> **When Facts are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;

>  (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>  (3) issue any other appropriate order.

This rule (formerly Rule 56(f)) "authorizes a district court to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the nonmovant submits an affidavit demonstrating why it cannot yet present facts sufficient to justify its opposition to the motion." Woods v. City of Chicago, 234 F.3d 979, 990 (7th Cir. 2000). The affidavit must outline the reasons for needing further discovery. See Woods, 234 F.3d at 990; see also Deere & Co. v. Ohio Gear, 462 F.3d 701, 706 (7th Cir. 2006). The justification for a continuance "must be genuine and convincing to the court rather than merely colorable." Pfeil v. Rogers, 757 F.2d 850, 856-57 (7th Cir. 1985), quoting Robin Constr. Co. v. United States, 345 F.2d 610, 614 (3d Cir. 1965). "When a party fails to secure discoverable evidence because of his own lack of due diligence, it is not an abuse of discretion for the court to refuse to grant a continuance to obtain such information." Pfeil, 757 F.2d at 857; see also Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1057 n.5 (7th Cir. 2000).

In this case, this court agrees with Defendant Netzel that Plaintiffs have not adequately shown that additional discovery is necessary, as required by Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiffs general statements that additional depositions need to be taken do not include information regarding why the depositions are necessary to oppose the Motions for Summary Judgment filed by Defendant Netzel and do not adequately

set out the reasons why the depositions have not been taken during the lengthy time discovery has been conducted in these cases.

However, summary judgment should not be entered "until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion." Grayson v. O'Neill, 308 F.3d 808, 815 (7th Cir. 2002), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Therefore, this court will allow Plaintiffs a very limited amount of time, until February 3, 2012, to provide a declaration setting out, as to each deposition Plaintiffs have stated they intend to take, why they "cannot present facts essential to justify its opposition" to the Motion for Summary Judgment without the deposition. Plaintiffs must also set out a specific, detailed explanation regarding why each deposition has not yet been taken and the amount of time needed to complete the deposition. This court wants Plaintiffs to know that it will not, under any circumstances, enter an indefinite stay. Defendant Netzel will be allowed until February 10, 2012, to respond to the declaration. This court will then rule on the Motion to Stay. If no declaration is filed by February 3, 2012, the Motion for Stay will be denied and a briefing schedule for the Motions for Summary Judgment will be set.

## MOTION TO REQUIRE PRODUCTION OF TRANSCRIPTS

Plaintiffs also stated that Defendant Netzel filed only excerpts of deposition transcripts in support of his Motions for Summary Judgment. Plaintiffs asked this court to order Defendant Netzel to file the complete deposition transcripts or provide the complete transcripts to Plaintiffs. Defendant Netzel is correct, however, that the use of only excerpts

3

of deposition transcripts is allowed. See Hernandez v. Longini, 1998 WL 89302, at *2 (N.D. Ill. 1998). Local Rule 7.1(D)(1)(b) of the Local Rules of the Central District of Illinois requires parties to "[i]nclude as exhibits to the motion [for summary judgment] all relevant documentary evidence" and, therefore, requires only that relevant portions of deposition transcripts be provided. This court also agrees with Defendant Netzel that he has no obligation to provide Plaintiffs with copies of the deposition transcripts. Defendant Netzel is correct that "[i]f Plaintiffs feel the testimony contained in the deposition transcripts is necessary, Plaintiffs will find the expense of the transcripts to be necessary as well."

IT IS THEREFORE ORDERED THAT:

(1) Plaintiffs' Motion to Stay Briefing on Defendant Lonnie Netzel's Motion for Summary Judgment and to Require Production of Transcripts Referenced in Netzel's Motion, or, in the alternative, for an Extension of Time to Respond to Netzel's Motion (#100) is DENIED in part and RESERVED in part.

(2) Plaintiff's request for deposition transcripts is DENIED.

(3) As far as Plaintiff's request for a stay, Plaintiff is allowed until February 3, 2012, to file a declaration setting out specific reasons why each deposition proposed to be taken is necessary for responding to the Motion for Summary Judgment, detailed reasons why the deposition has not already been taken, and the amount of time needed to complete the deposition. Defendant Netzel is allowed until February 10, 2012, to respond to the declaration. If no declaration is filed by February 3, 2012, Plaintiff's Motion for a Stay will be denied and a briefing schedule will be set for the Motion for Summary Judgment.

ENTERED this 27th day of January, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE